N. RODGERS AND OTHERS *v.* H. RODGERS AND OTHERS.

An injunction bill will not be amended, unless the proposed amendments are distinctly stated to the court, and verified by the oath of the complainant; nor unless a sufficient excuse is rendered for not incorporating them in the original bill.

The application to amend must be made as soon as the necessity of the amendment is discovered.

THIS was an application to amend an injunction bill without prejudice to the injunction. The grounds on which the application was denied, appear in the opinion of the Chancellor.

Feb. 18th.

*S. Rodgers*, for the complainants.

*H. Bleecker*, for the defendants.

THE CHANCELLOR:—The complainants apply to amend an injunction bill after answer, on the ground that exceptions to the answer have been allowed. No affidavit of the truth *of the charges contained in the proposed amendments, or excuse for not inserting them in the original bill, is furnished. The 15th rule of this court, authorizing the complainant to amend his bill of course, and without costs, on exceptions allowed to the answer, does not apply to an injunction bill, or to any other which has been sworn to by the party. Such was the construction given to the 11th rule, in *Parker & Bliss* v. *Grant*, (1 John. Ch. Rep. 434.) And in *Beekman* v. *Waters*, (3 John. Ch. Rep. 410,) where the defendant had submitted to answer exceptions, although an amendment was allowed on the particular facts sworn to in the petition, Chancellor Kent declared, that if the amendments required a new or further answer, they ought to be allowed only upon payment of costs.

[*424]

A loose kind of practice in relation to amending injunction bills has crept into this court, which I am satisfied

has been productive of great delay and injustice, and for which there appears to be no remedy, except by adhering more closely to the ancient practice of requiring the complainant to state the whole of his equity in his original bill. When he applies to amend without prejudice to the injunction, he must state the proposed amendments distinctly, so that the court can see that they are merely in addition to the original bill, and not inconsistent therewith. He must also swear to the truth of the several matters proposed to be inserted as amendments, and render a valid excuse for not incorporating them in the original bill; and the application to amend must be made as soon as the necessity of such amendment is discovered. (*Sharp* v. *Ashton*, 3 Ves. & Beam. 144; and *Mair* v. *Thellusson*, in note to page 145; *Norris* v. *Kennedy*, 11 Ves. 565.)

The application being defective in nearly all of these respects must be refused with costs.

[*426]    *N. RODGERS AND OTHERS *v.* H. RODGERS AND OTHERS.

> Where the equity of an injunction bill is not charged to be in the knowledge of the defendant, and the defendant merely denies all knowledge and belief of the facts alleged therein, the injunction will not be dissolved on the bill and answer alone.
>
> Where a bill is filed to restrain proceedings on a judgment recovered at law, the court will not require the complainant to bring the amount of the judgment into court, unless it is shown there is danger of the complainant's insolvency.

March 3d.

THIS bill was filed against the personal representatives of F. Rodgers, deceased, to restrain proceedings at law on notes given to the testator. The equity of the bill on which the injunction was granted was not charged to be in the knowledge of the defendants; and they put in an answer denying all knowledge or belief as to the principal