1830.

Whitmarsh
v.
Campbell.

---

## WHITMARSH vs. CAMPBELL and others.

A bill cannot be amended by inserting therein facts, known to the complainant at the time of filing the bill, unless some excuse is given for the omission.

THE bill in this cause was filed in July, 1829, by a judgment creditor of Vanden Heuvel against the latter and against Campbell and Morris, to reach certain property which it was alleged the two last named defendants held in trust for Vanden Heuvel. Campbell and Morris put in their answer setting forth, among other things, that previous to the commencement of this suit Vanden Heuvel had been proceeded against as an absent debtor; that the complainant's solicitor together with two other persons were appointed trustees of his estate under the act, in April, 1829, and took upon themselves the trust; and that the proceedings and appointment of trustees remained in full force. The complainant now moved for leave to amend his bill by stating therein these facts, and making the trustees parties defendants.

March 2d.

*Ira Clizbe*, for complainant.

*J. Hoyt*, for Campbell and Morris.

THE CHANCELLOR. The application to amend must be refused. The complainant does not pretend that he was ignorant of the matters now sought to be inserted in the bill when he commenced this suit, and no excuse is given for not inserting them at that time. His solicitor was one of the trustees appointed under the act, and took the oath of office as such trustee. The same facts were stated in the answer, and urged as an objection to the suit six months since; and no

excuse is made for not applying to amend the bill at that time. The rule as to amendments of injunction bills was laid down by the court in *Rogers* v. *Rogers*, (1 Paige's R. 424,) and must be adhered to.

But these amendments must also be refused on the merits. If they had been stated in the bill originally, it would have appeared that the complainant was not the proper party to bring the suit, and the injunction would not have been granted. And if they are now introduced, the bill must be dismissed as against Campbell and Morris on the hearing. After their appointment, and trustees under the act became entitled to all the legal and equitable estate of Vanden Heuvel; and if Campbell and Morris have any property of his which either at law or in equity ought to be applied to the payment of his debts, the trustees are the proper persons to bring the suit, for the benefit of the creditors generally. If there was any collusion between the defendants and the trustees, the creditors might file a bill against both; or one creditor might sue in behalf of himself and all others who should elect to come in under the decree. But as the trustees act under oath, collusion between them and the defendants, or a wilful neglect of their duty, will not be presumed, when no intimation of the kind is contained in the affidavit on which this amendment is asked. The motion must therefore be denied with costs.