1833.

THE NORTH AMERICAN COAL CO. *v.* DYETT.

---

The North American Coal Company *v.* Dyett and others.

---

Where trustees are changed pending a suit against the trust fund, it is not absolutely necessary to bring them before the Court, although the complainants have a right to do so before a decree; and in that case, supposing the cause to be at issue, it should be done by a supplemental bill.

When there is an alleged discovery of further testimony since the closing of proofs and a sufficient excuse is shown for not making the discovery earlier, the way to get it in is upon a special motion, and not by a supplemental bill. The latter is used to state new matter and not to set forth a mere discovery of further evidence.

A supplemental bill may be filed after publication is passed or proofs have been closed, in order to put proper new matter in issue. If this be done, it will be irregular to examine witnesses to matters already in issue and not proved in the original cause.

An injunction is not necessary against new trustees appointed since the commencement of the cause. There is a sufficient notice of *lis pendens*. Parties moving for more than they were entitled to, ordered to pay costs of opposing motion.

---

The original bill in this cause was filed against Joshua Dyett and Jesse Ann his wife, William Hamersley and William Chapman. This bill set forth (amongst other things) a settlement made on the marriage of the said Joshua Dyett and Jesse Ann, then Jessy Ann Hunt, and wherein William Hamersley and Michael Dyett were trustees. That William Chapman afterwards was a substituted trustee under it, in the place of Michael Dyett. That Hamersley and Chapman, as trustees under the marriage settlement, at the request of Dyett and with the concurrence of the said Mary Ann, purchased a factory or mill for spinning cotton and manufacturing cotton goods at Poughkeepsie ; and that

*October* 21. 1833.

*Practice. Supplemental bill. Parties. Evidence. Injunction. Costs.*

1833.

THE NORTH
AMERICAN
COAL CO.
v.
DYETT.

it was made for the joint account of the trust estate and of Chapman. That the factory was carried on; and the complainants, at the request of Joshua Dyett, as an agent, delivered, at the said factory, seventy five tons of coal, of the value of four hundred and fifty dollars, which were used and consumed in or about the same. That there was fraudulent conduct, by the said Joshua and William Hamersley, in relation to the said establishment. That, in the month of April, one thousand eight hundred and thirty, the factory was sold by order of the Court of Chancery and the interest of the trust estate ceased; and they (the complainants) had frequently applied to the parties for payment of the amount due to them, but the same was refused. And the complainants prayed that an account might be taken of all the debts of the trust estate; and the trustees and the said Joshua and Jesse Ann be decreed to pay the complainants their amount.

The bill had been taken pro confesso against the defendant William Chapman; but answers were put in by Hamersley and Dyett and wife. The cause was at issue in the month of February one thousand eight hundred and thirty two; proofs were taken and an order was entered about the month of April, in the same year, closing the testimony; in the month of May following the cause was referred by the Chancellor to the decision of the Vice-Chancellor of the first circuit and had been regularly put on his calendar several times.

A motion was now made to file a supplemental bill. It was founded upon a notice as follows: " for leave to file the " supplemental bill in the cause, with a copy whereof you " are herewith served, and also that an injunction issue, upon " filing the same, according to the prayer of the said bill, or " for such other order as to the Court shall seem meet; and " that the motion will be founded upon the bill and affida- " vit thereunto annexed, and further you will take notice that " the pleadings and proofs in the cause will be referred to in " support of the motion."

The complainants, in their proposed supplemental bill, alleged that since the entry of the order for closing the testimony, the said Joshua and Jesse Ann, with a view to place the trust estate out of the reach of creditors and within a week after the subpœna was issued, dismissed Hamersley

from the trusts; and substituted Henry W. Warner, Es-

quire, who was the counsel of the said Joshua and Jesse Ann; and that, subsequently, Murray Hoffman, Esquire, was appointed a trustee, in conjunction with Mr. Warner. And the complainants were advised it was necessary to make the said Henry W. Warner and Murray Hoffman parties to the suit. Also, that since the filing of the original bill, they had been informed and believed that Thomas L. Wells had been appointed a special trustee for the benefit of the said Joshua and Jesse Ann his wife; and that he held property for their benefit or for the benefit of their trustees. That, since the proofs had been closed, they had discovered testimony by which they would be enabled to prove that a portion of the coal purchased of them, as set forth in their original bill of complaint, had been sold for the benefit of the said trust estate and was so charged in the books of the said estate. Also, that the said Joshua was in the constant habit of making purchases of materials for the factory. And also, at the sale aforesaid, that the said Joshua purchased or pretended to purchase the said factory with the appurtenances, but they were ignorant as to its having been conveyed to him. That the value of all the trust estate was insufficient to discharge the debts against it; and that the rents and profits were not adequate to pay the interest annually accruing. And they were apprehensive the said Joshua and Jesse Ann, unless restrained, would again change the trustees; and ultimately place the same trust estate out of the reach of the complainants. Prayer, that the complainants and other creditors of the trust estate who should contribute to the suit might have such and the same relief as was prayed for in the original bill; and further relief; and that the said Joshua Dyett and Jesse Ann his wife might be restrained from changing or removing the present trustees, unless by order of the Court, and the said Henry W. Warner, Murray Hoffman and Thomas L. Wells be enjoined from paying over any part of the trust estate to the said Joshua and Jesse Ann or to any person for their use and benefit, &c. &c.

The affidavits which were read in opposition to the motion, detailed the progress of the suit, and explained how the

1833.

THE NORTH
AMERICAN
COAL CO.
v.
DYETT.

counsel for the complainants must have been aware of the matters which were attempted to be got in by way of supplement, long before the present application was made.

Mr. *J. Blunt* for the motion.

Mr. *John A. Lott* and Mr. *Henry W. Warner* for the complainants.

October 28.

THE VICE-CHANCELLOR:—I am inclined to the opinion that it is not indispensably necessary to make the substituted trustees, Messrs. Warner and Hoffman, parties to the suit, although, strictly speaking, the complainants have a right to bring them in before a decree is made in the cause; and as they were appointed trustees subsequent to the filing of the bill, a supplemental bill would be the proper medium for the purpose. There is not enough to warrant a supplemental bill for any other purpose.

As respects the trust in Thomas L. Wells. It is merely alleged that, since the filing of the original bill, the complainants have been informed and believe he has been appointed a special trustee of some other part of the real estate : not, that his appointment has been since made. The opposing affidavits show he was appointed long before the commencement of the suit. The complainants could, with ordinary attention, have made him a party to the bill in the first instance; and if this were not easy, they might afterwards, using due diligence, have offered a good excuse for the omission and, upon an application proper in other respects (it being the case of a sworn bill) have had leave to amend in this particular. They are now too late to obtain the benefit of an amendment; and it cannot be granted—more especially in this form : *Colclough* v. *Evans*, 4. Sim. 76.

Next, as to the alleged discovery of testimony since the proofs were closed. No excuse is shown for not making this discovery earlier; and if there were any thing offered to excuse the delay, this is not the mode of opening proofs in a cause with a view to the introduction of further testimony. An application should be made by way of special motion and not by supplemental bill. A bill of this descrip-

tion may be filed, after the publication is passed or proofs have been closed, for the purpose of putting such new matter in issue as is proper to be brought forward by way of supplement: *Usborne* v. *Baker*, 2. Mad. C. R. 379; and even when this is done, it will be irregular to examine witnesses to matters already in issue and not proved in the original cause: Lube on Equity Pl. 182, 183. The supplemental bill now presented does not state new matter to be put in issue: but only the discovery of further evidence in relation to matters already in issue. It is not admissible.

Then as to the charges made for the purpose of laying the foundation for an injunction. So far as it is prayed for to restrain the trustees from paying over and the *cestui qui trust* from receiving or using the rents and profits or income of the real estate in a manner consistent with the trust, it has been already decided in this cause that the complainants have no right to such an injunct:on; and even from the statements now made, in relation to the sufficiency of the trust estate in order to satisfy debts and incumbrances, I am not warranted in making a different decision. And so far as an injunction is prayed for to prevent another change of trustees *pendente lite*, it is altogether unnecessary. There is a sufficient notice of *lis pendens;* and the rights of the complainants cannot be affected by any change in this particular.

The complainants may have leave to file the supplemental bill for the mere purpose of making the present trustees, Warner and Hoffman, defendants in the suit. All other parts of such bill, alleged by way of supplement and calling for a discovery, must first be expunged, and the original defendants stricken out so as not to be obliged to answer. It is sufficient to exhibit it against the new trustees only. They will then answer, admitting themselves to be trustees; and the cause will stand for hearing upon the original pleadings and proofs and upon the supplemental bill and answer only. Nothing further is proper or necessary in this stage of the case: Lube, 180. 183. I have marked upon the margin the parts which are to be expunged from the bill and underscored the names which are to be stricken out.

As the complainants have brought the defendants here upon a motion for much more than they were entitled to

and thereby put the defendants to the necessity of preparing affidavits in opposition, the complainants must pay the defendants their costs upon the motion.