## JACKSON AND SHARP COMPANY,

### *vs.* .

## THE PHIADELPHIA, WILMINGTON AND BALTIMORE RAIL ROAD COMPANY.

*New Castle, Feb. T. 1871,*

Amendments to injunction bills, after answer, to be without prejudice to the injunction, are allowed with great caution and upon special grounds.

Such amendments must be of new matter not inconsistent with the original bill, verified by affidavit, in such season as not to prejudice the defendant and upon allegation of a sufficient excuse, shewn by affidavit, for the defectiveness of the original bill.

INJUNCTION BILL. APPLICATION FOR LEAVE, TO AMEND THE BILL AFTER ANSWER* :—This was a bill in equity for an injunction to restrain the defendant, a railroad corporation, from removing a side track which connected the railroad with the car works of the complainant, located adjacent to the road, which side track had been used by the complainant in the receiving of material and the delivery of finished cars, into and from its works. The defendant, having filed its answer, moved to dissolve the injunction, both for the want of equity in the bill and upon the denial, by the answer, of all its material allegations. After a partial argument of the motion, at Chambers, the Chancellor expressed his opinion against the motion so far as it rested upon the latter ground, but directed further argument on a future day, as to the sufficiency of the bill.

---

*For fuller statement of the facts, see the same case on the merits, to be reported in 4 *Del. Ch. R.*

The controversy on this point was, whether the bill contained a sufficient allegation of any agreement between the parties, made prior to the erection of the car works, binding the Rail Road Company to construct and keep such a side track for the use before stated. At the time appointed for further argument, the motion being called up, the complainant applied for leave to amend the bill by inserting a more direct and specific allegation of such an agreement without prejudice to the injunction. The proposed amendment was submitted in writing, and the facts alleged in it verified by the oath of the President of the Jackson & Sharp Company. Also, there was filed the President's affidavit of certain circumstances relied on as excusing the omission to insert originally in the bill the facts now sought to be incorporated.

*T. F. Bayard,* in support of the application.

*N. B. Smithers, contra.*

THE CHANCELLOR :—

Amendments to injunction bills, after answer, to be without prejudice to the injunction, are allowed with great caution and on special grounds. Upon the best authorities, four things are held requisite to support such an application. (1). The proposed amendment must be stated in writing and verified by affidavit. (2). The matter of it must be in addition to the original bill and not inconsistent therewith. (3). A sufficient excuse must be shewn, by affidavit, for the defectiveness of the original bill. Generally, such excuse is that the new matter has come to the knowledge of the complainant since his bill was filed. If it were then known to him, the omission to incorporate it must be very satisfactorily accounted for. The complainant is held strictly to state his whole case

65

at first, and is not allowed "to split and retail out his equity." Lord Hardwicke in 2 *Ves. Sr.* 21. (4.) The application to amend must be made in such season that the defendant be not prejudiced by it in bringing the cause to a hearing. If necessary, terms to this end will be imposed upon the complainant. *Rodgers vs. Rodgers,* 1 *Paige,* 424; *Norris vs. Kennedy,* 11 *Ves.,* 565; *and note* (1); *Bliss vs. Boscawen,* 2 *V. & B.* 181; *Sharp vs Ashton,* 3 *V. & B.* 144; *Mair vs. Thelusson, Ib.* note (*a*).

This seems to be the rule generally observed upon applications to amend injunction bills, after answer filed and not excepted to, or to which exceptions have been disallowed. With respect to applications to amend before answer or after answer, to which exceptions have been allowed, the practice has not been uniform. I would be understood as not announcing any rule for such cases.

In the. present case, (which is one after answer,) I think the application sufficiently supported. The proposed amendment is fully stated and sworn to. The matter of it is consistent with the case made by the bill. It is merely a more direct and specific allegation touching an agreement between the parties, upon which it was manifestly intended, in the original bill, to rest the equity of the case. Further, upon the facts disclosed by affidavit, the bill appears to have been framed under extreme haste, caused by the short notice of the defendant's final determination to take up the side track and its refusal, when applied to, to extend the time. To this urgency rather than to laches of the complainant, the defectiveness of the bill in not fully developing this case is fairly attributable. Lastly, the application is made seasonably. The answer was filed too late in the vacation preceding the February Term to bring the cause to a hearing before the next September Term.

The proposed amendment need not delay the hearing beyond that term, so that the defendants are not pre-

judiced by reason of the time at which the application has been made.

The amendment is allowed; but short rules will be entered for filing an answer to the matter newly alleged, and for excepting to such answer to the end that the cause may be put to issue and reach a hearing at the ensuing September Term.