RICHARD GREGG.

*v.*

PETER A. BROWER.

1. AMENDMENT—*of bill in chancery.* Amendments to bills in chancery are allowed with great liberality, in furtherance of justice, until the proofs are closed, when the bill is not under oath, but greater caution is exercised in regard to amendments of bills where they are sworn to.

2. SAME—*practice in English courts and ours.* The practice in this State has not been so rigid as in the English and New York courts, in regard to amendments in chancery cases. They are regarded as peculiarly within the discretion of the court, and it has been usually allowed in furtherance of justice after replication filed, and even on the hearing. But the rule requiring a material amendment to a sworn bill to be sworn to, has not been relaxed in our practice.

3. But where a bill for stating a partnership account also prayed for an injunction, and for that reason was sworn to, it was *held,* that the allowance of a material amendment of the same, after replication, not sworn to, which related solely to the basis on which the account was to be stated, and which did not change the equities of the parties in respect to the injunction, was not a ground of reversal.

4. CHANCERY PRACTICE—*rule to answer amendment.* Where a defendant is duly served with process, and answers the original bill, it is not necessary to take a rule on him to answer an amendment to the bill. Being in court he is presumed to have notice of every step taken in the cause, and if he does not answer the bill as amended, it is his own fault.

5. SAME—*setting cause for hearing.* Although the statute provides that a bill in chancery shall stand for hearing at the next term after replication filed, yet there is no error in setting the cause for hearing at the same term, if the parties do not insist upon the statute.

6. SAME—*decree may pass upon testimony of complainant alone.* There is no rule in equity to prevent a decree on the unsupported testimony of the complainant, if the court credit his statements. Where the defendant does not offer his own testimony in contradiction, he will be presumed to acquiesce in the testimony of the complainant.

7. CHANCERY JURISDICTION—*relief against judgment at law.* It is not alone in cases of fraud, accident or mistake in the recovery of a judgment at law, that a court of equity interferes. Where a judgment is recovered at law by one partner against another, in respect to their partnership dealings, the defendant may still file his bill for an account, and if, upon a statement thereof, it appears that he owes the defendant nothing, the court may properly enjoin the collection of so much of such judgment as is shown to be inequitable and unjust. His failure to enjoin the suit at law would not preclude him from enjoining its collection.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. WEAD & JUDD, for the appellant.

Mr. B. S. PRETTYMAN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

At the September term, 1866, of the Tazewell circuit court, Richard Gregg, the appellant, recovered a judgment in an action of assumpsit against appellee for three thousand one hundred and thirty $\frac{21}{100}$ dollars. The cause of action arose out of the ownership, by these parties and one E. B. Elwood, of a steamboat called "Daniel Boone," in the proportion of four-fifths in appellee and one-fifth in appellant and Elwood. No execution having issued on this judgment, appellant sued out to the November term, 1868, of the Tazewell circuit court, a *scire facias* to revive the judgment. Pending this, Brower exhibited his bill on the equity side of the court at the February term, 1869, to enjoin the execution, alleging that after Gregg obtained this judgment, Gregg agreed to, and did, stay execution until the 15th of August next after the date of the entry of the judgment; the reason for which was that Gregg and Elwood, and Brower, the complainant, were partners in the ownership and running of this steamboat, and in all expenses connected therewith, and that the losses, profits and expenses connected with the boat, and the accounts of Gregg, Elwood and complainant had not been adjusted in the suit brought by Gregg, and it is alleged it was agreed between Gregg and complainant that when he, Gregg, returned to Peoria, where he lived, he would notify complainant at Pekin, the place of his residence, that he would be ready to adjust all these partnership accounts connected with the boat; but that Gregg never did notify complainant of his readiness to adjust them; that these partnership accounts had never been settled, and could not be in the action of Gregg against complainant, it being an action at law, and the only question in it being whether Gregg had paid money for the use of complainant at his request.

Bill prays that said Gregg and Elwood be made defendants, and that they be summoned to answer the bill, but not under oath, the oath of each of them being waived; and that Gregg be

enjoined from prosecuting his said suit and writ of *scire facias*
to judgment, that an account may be taken of the losses and
profits of the firm between Gregg, Elwood and orator, in the
running of said boat, and all expenses connected with or
growing out of the joint ownership of the same, and that a
final balance be struck between the parties, according to their
respective interests in the same; and that on final hearing
hereof, the further prosecution of said *scire facias* be perpet-
ually enjoined, and for such further relief as may to equity
appertain.

Elwood was not served with process, nor did he appear in
the suit. A demurrer was put in by Gregg, but being over-
ruled, he answered, insisting upon the judgment recovered in
the action of assumpsit as binding upon complainant, denies
that delay in issuing execution was for the purpose of adjust-
ing partnership matters growing out of the steamboat enter-
prise, and insists if complainant's allegations are true in
respect thereto, he could have availed of them in the action
at law; alleges that in the *scire facias* proceeding, at the
December term, 1871, the judgment was revived, and no
action is now pending; sets up this judgment as an adjust-
ment of all matters between them, denies that any accounts
between him and complainant are unsatisfied except this judg-
ment, and insists that the judgment should not be opened
or set aside, as it is a legal judgment, and that all accounts
between them were merged in the same, and, therefore, the
matters in the bill are *res adjudicata.*

The answer was filed January 26, 1872. At the May term,
1872, on the 20th day of that month, a replication was filed
by the complainant, and on the 23d of May complainant
dismissed the bill as to Elwood, and leave was given him to
amend his bill, which was done by interlining the original bill
with these words: "And complainant avers that said Elwood
has no interest now in said boat or partnership account, and
that said Gregg purchased said Elwood's interest, and agreed
to pay the same to complainant."

The first point made on the record is right here.

Appellant insists, as the bill was exhibited under oath, the amendment should have been sworn to, and that it is irregular to allow an amendment to a bill after the cause is at issue; and further, that as the amendment contains new matter, a rule should have been taken on appellant to answer; and he further contends that it was error to set the cause for hearing at the same term at which the replication was filed.

The bill was filed for the purpose of enjoining further proceedings on the *scire facias*, which, in fact, at the time of its filing, had proceeded to judgment. It further prayed that an account might be taken of the losses and profits in running the boat, and of all expenses growing out of the alleged joint ownership of the boat, and was sworn to. To this bill Elwood was made a party defendant, and was charged as a partner in the ownership of the boat, and responsible in proportion to the extent of his interest. The amendment changed very materially the character of the case, by charging a sale of his interest to appellant, but at what time is not alleged, and a promise by appellant to pay complainant the price agreed for Elwood's interest.

Whilst it is generally conceded that amendments with reference to the furtherance of justice are allowed with great liberality until the proofs are closed, and where the bill is not upon oath, yet greater caution is exercised in regard to amendments of a bill sworn to. The cases under this head are very numerous, some of which are referred to in 1 Danl. Ch. Pr. 402, n. 1. Where the object of the amendment is to let in a new fact, there is greater reluctance on the part of the court to allow the amendment when it depends upon parol proof, than when it depends on written instruments omitted by accident or mistake; and if the fact was known to the complainant at the time of filing his bill, such an amendment will not be allowed unless some excuse is given for the omission. *Calloway* v. *Dobson,* 1 Brockenbrough, 119; *Whitmarsh* v. *Campbell,* 2 Paige, 67; *Punote* v. *Hubbell,* 1 Hilliards

34—67TH ILL.

Ch. 217. Nor when the matter with reasonable diligence might have been inserted in the original bill. *N. Am. Coal Co.* v. *Dyatt,* 2 Edw. Ch. 115. It is also required, the original bill being sworn to, that complainant must also swear to the truth of the proposed amendment, and render a valid excuse for not incorporating it in the original bill; and the application to amend must be made so soon as the necessity for such amendment is discovered. *Rogers* v. *Rogers,* 1 Paige, 424; *Whitmarsh* v. *Campbell, supra; Verplanck* v. *Mer. Ins. Co.* 1 Edw. 46.

The practice in this State, we think, has not been so rigid as in the English or New York chancery, in respect to amendments. They are regarded as peculiarly within the discretion of the court, and it has usually been liberally exercised in the furtherance of justice, after replication filed, and even on the hearing.

*Jefferson Co.* v. *Ferguson,* 13 *Ill.* 33; *Martin* v. *Eversal,* 36 ib. 222; *Mason* v. *Bair,* ib. 195; *Farwell* v. *Meyer et al.* 35 ib. 40; *Marble* v. *Bonhotel,* ib. 240; *Moshier* v. *Knox College,* 32 ib. 155.

Section 35 of the act entitled "Chancery," Ch. 21, R. S. 1845, provides that circuit courts, when sitting as courts of equity, may permit the parties to amend their bills, petitions, pleas, answers and replications, on such terms as the court may deem proper, so that neither party be surprised nor delayed thereby.

The rule, however, requiring a material amendment to a bill originally sworn to, also to be sworn to, we do not think has been relaxed in our practice. In mere matters of form it can be relaxed, and has been. The amendment in question, as we have said, was material, changing as it did, or rather adding to, the liability of the appellant when the bill was filed and the pleadings made up. Although the bill was in part for an injunction, the equity of the parties was not changed by the fact stated in the amendment. It would not change the basis on which the account should be stated.

As to the other objection, that a rule should have been taken on the defendant to answer to the amendment, we have to say that is not the practice in the courts of this State, although it is the proper practice. The defendant had appeared and answered the bill, and, in contemplation of law, was in court to take notice of all the steps in the cause. It was his duty to know this amendment was made, and if he desired to answer to it, that privilege was his, and would have been accorded to him on application to the court.

The same may be said of the remaining objection on this head, that the cause was set for hearing in three days after the replication was filed. Our statute is full and plain upon this subject. Section 32 of Ch. 21, *supra*, provides that after replication is filed, the cause should be deemed at issue, and stand for hearing at the next term, or in default of filing such replication the cause may be set for hearing upon the bill and answer.

Appellant is presumed to have been present when the order setting the cause for hearing was entered, and the record does not show he made any objection. By his silence, his acquiescence was properly inferred, and he must be held to the consequences. It is the common practice for chancery causes to take this course, unless the statute is insisted upon.

The next point made by appellant is upon the evidence, which consisted entirely of the testimony of complainant, and which is shown in the certificate of evidence. The question is incidentally made by appellant that a decree should not have passed on the sole testimony of the complainant. A sufficient answer to that is, it was in the power of appellant to offer himself as a witness, and thus receive the benefit of his own testimony. We know of no rule in equity to prevent a decree on the unsupported testimony of a complainant, if the court credit his statements. Appellant must be considered as acquiescing in the statements of complainant as true, else it is reasonable to suppose he would have contradicted them. He had an opportunity to do so, but did not, and the

court could do no less than take them as true, especially as there was nothing improbable in them, though a rather loose statement of a large partnership concern, involving many thousand dollars.

Appellant makes the point that there is no equity in complainant's bill, and that the judgment sought to be enjoined, which appellant obtained against complainant in the action at law, was not the result of fraud, accident or mistake, and should not be enjoined.

As we understand this question, it is not only in cases of fraud, accident or mistake in the recovery of judgments at law, that a court of equity interferes. The general rule in equity is, that relief will not be granted against a judgment at law on the ground of its being contrary to equity, unless the defendant in the action at law was ignorant of the facts constituting his defense, or they could not have been received as a defense at law. *Abrams* v. *Camp*, 3 Scam. 290.

In *Vennum* v. *Davis*, 35 Ill. 568, this court said, a party sued at law, having a defense of a purely equitable nature of which he can not avail at law, can have relief in equity.

In the suit at law, the partnership matters and their settlement, which are the ground work of this bill in equity, could not have been adjudicated. It is true, complainant, then the defendant in that action, might have enjoined the proceedings on the allegations of this bill, and prevented the recovery of the judgment against him, still he had no defense at law, and can not be chargeable with *laches* in making it. He can not be said to have had his "day in court" to make his defense. This brings us to the consideration of the true question, does the failure of complainant to enjoin the action at law preclude him from enjoining the collection of the fruits of the recovery, as he is attempting to do by this bill? We are inclined to think not. The judgment is harmless, and can do him no injury until it is sought to be executed. The matters in controversy between the parties have not been adjusted, and where can be the difficulty, on the footing of

this bill, of coming to an adjustment? We see none. It is complainant's right to have these matters settled on correct principles, and it would be the height of injustice to compel him to pay appellant a large sum of money recovered at law, for a matter involved in this joint ownership or partnership of the boat, when, in truth, appellant is his debtor on a full and fair adjustment of that enterprise.

The evidence in the record sustains the decree and it must be affirmed.

*Decree affirmed.*