## G. W. L. MARR *v.* W. M. WILSON *et al.*

CHANCERY PRACTICE. *Amended bill. Will not be allowed filed. When.* An amended bill based on matter in existence at the filing of the original bill, ought not to be allowed six years thereafter, without a satisfactory excuse for the omission to make it a part of the original bill.

FROM OBION.

Appeal from the Chancery Court at Troy.    JOHN SOMERS, Ch.

J. G. SMITH for complainant.

COCHRAN & ENLOE for defendants.

COOPER, J., delivered the opinion of the court.

On the 18th of July, 1854, the complainant bought from the defendant a tract of land at $16 per acre, and gave his notes for the purchase money and interest calculated at the rate of ten per cent., in nine annual instalments of $1,697.67 each. About the same time or shortly afterward, he also bought a mill and machinery, a slave and other property, and had other transactions with defendant. On 8th May, 1855, he filed his bill to have canceled a bill of exchange of several thousand dollars in the hands of defendant Wilson. On 6th November, 1855, he filed an amended bill asking relief touching his transactions with Wilson in the purchase of machinery, the slave, and other personal property. He also sought relief to the extent of the interest over six per cent. in the notes

given for the land, and to have those notes reduced to the proper amounts.

On 22d April, 1857, the complainant and defendant Wilson by written agreement referred the matters of litigation between them in said suit to arbitrators selected by them, one of whom was a brother-in-law of the complainant. The arbitrators made an award which was satisfactory to both parties, and executed by them. Afterward complainant made some payments on the land notes, and in 1860 either allowed judgment to be taken, or confessed judgment on some of the purchase notes for the land. He had other dealings with defendant in the way of the exchange and purchase of land, about which he filed a bill for relief on the 2d March, 1860, which he afterward dismissed with costs.

On the 9th May, 1866, complainant and defendant had a settlement of all their transactions, in which complainant was brought in debt to the defendant in the sum of $20,312.23, for which he gave his note, payable in one and three years, and secured it by a deed of trust on lands. On 9th October, 1868, the complainant filed his original bill in this cause, in which, after reciting vaguely the transactions between him and the defendant, beginning with the land trade of July, 1854, he sought relief upon substantially the same grounds taken in the bills filed in 1855. The bill contained general allegations of fraud and circumvention on the part of the defendant, and of his obtaining undue advantages by playing on complainant's religious feelings.

The defendant demurred to this bill, but the demurrer was overruled. He then pleaded the award in bar of all the relief sought upon transactions embraced in the bills of 1855, and answered as to subsequent transactions, denying the equity of the bill.

Early in 1874 complainant obtained an order allowing him to file an amended bill in or before the June rules, subject to any objection that the defendant might make to the filing of the same. On 29th May, 1874, an amended bill was filed, the main object of which was to get behind the award of 1857. At the succeeding term of the court, on motion of the defendant, the amended bill was stricken from the file. The only proof taken in the cause was subsequently taken by the complainant, and was principally directed to show the circumstances under which the award was made, and that the award was the act of the defendant. On final hearing, the Chancellor was of opinion that the complainant had failed to sustain the equity of his bill, and dismissed it with costs. The complainant appealed.

It does not appear either from the entries in the record or the arguments submitted, upon what ground the amended bill was stricken from the file. The amended bill was not filed, however, until nearly six years after the original bill, upon matters then existing and known to the complainant. The rule in such cases is, that the court will not allow amendments unless some excuse is given for the omission to insert the facts in the original bill. *Whitmarsh* v. *Campbell*, 2 Paige, 67; *Prescott* v. *Hubbell*, 1 Hill Ch., 217.

And the application to amend must be made as soon as the necessity for such amendment is discovered. *Rogers* v. *Rogers*, 1 Paige, 424; *Altree* v. *Horden*, 3 Lond. Jur., 81.

The amended bill in this case was amenable to these objections, and the striking from the file was equivalent, under the circumstances, to a refusal to permit it to be filed. The debt in controversy originated in the transactions of 1854, and the relief of the complainant depended entirely upon his right to go behind the award and open up those transactions. This could not be done except by means of the amended bill. It may be added, however, that the evidence taken was insufficient to impeach the award, and wholly fails to show any advantage taken of the complainant in the settlement of 1866. The original trades, as far as we can see from the record, were not seriously improvident on the part of the complainant, nor tainted with fraud or undue influence on the part of the defendant. The complainant has been literally eaten up by interest, and ruined, as too many people are, by the neglect to meet his obligations promptly.

There is no error in the Chancellor's decree, and it must be affirmed with costs.