## JAMES B. CAMPBELL

*v.*

## ORVILLE M. POWERS.

*Filed at Ottawa October 31, 1891.*

1. TRUSTS—*sufficiency of bill to declare and enforce a trust.* A bill to declare and enforce a trust alleged that on March 1, 1889, A and B, the parties, procured of a third person an option to purchase a certain leasehold estate, which they were to improve by means of a loan on the same, and that B, the defendant, made the purchase in his own name, but the bill failed to show how long a time the option ran, or whether B's purchase was during the life of the option or not, and failed to offer to pay B any part of the purchase money: *Held,* the bill was clearly bad on demurrer, as failing to show any grounds of equitable relief.

2. Where two persons obtain an option to purchase a leasehold interest in land, and one of them makes the purchase in his own name, and the other files his bill to have a trust declared in his favor and to share in the property purchased, the complainant must offer in his bill to reimburse the defendant his share of the purchase money, as such payment is a condition to his right to equitable relief.

3. Where the time of an option for the purchase of an interest in land held by two persons has elapsed, and the joint enterprise is abandoned, the subsequent purchase of the land by one of the parties in good faith will not charge him with a trust in favor of the other, or render him a trustee *ex maliflcio* in respect to the estate so bought by him.

4. CHANCERY PRACTICE—*essentials of bill.* Every bill must contain sufficient matters of fact, *per se,* to maintain the case, so that the same may be put in issue by the answer and established by the proofs. If, for any reason founded on the substance of the case, as stated in the bill, admitting it to be true, the complainant is not entitled to the relief sought, the defendant may properly demur.

5. SAME—*sworn bill, how amended after demurrer sustained.* After demurrer sustained to a bill which is properly sworn to, the complainant seeking to amend should present and submit in writing the proposed amendment, supported by affidavit of its truth, and some explanation given of the reason why the matter proposed to be added was not originally inserted. A bill asking for an injunction is properly a sworn bill, although not used for the purpose of procuring an injunction.

6. SAME—*bill unnecessarily sworn to—amendment.* Where the bill is not required by law to be sworn to, the fact of its being sworn to will perform no office, and will be disregarded, and the bill may be amended the same as if it was not sworn to.

7. SAME—*complainant required to submit amendment.* Where a complainant is in default in amending his bill after a demurrer thereto is sustained, although his default may be satisfactorily explained, he will be required to show to the court the proposed amendment, so that the court may know whether the allowance of the amendment is in furtherance of justice. If frivolous, or not such as will remove the objection to the original, leave to amend the bill will properly be denied.

8. SAME—*amendment to bill at subsequent term.* An order sustaining a demurrer to a bill and granting leave to amend is but an interlocutory order, and while the cause is pending the court has the jurisdiction to allow an amendment of the bill at a subsequent term.

9. SAME—*allowing amendment—discretion of court.* An application for leave to amend a bill in chancery after a demurrer has been sustained thereto, is addressed to the discretion of the court.

10. PRACTICE IN THE SUPREME COURT—*what may be assigned as error.* It is only of the judgment of the court that a party may complain, and not of the grounds or reasons upon which the court founded its decision.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

January 21, 1890, appellant filed his bill in the Superior Court of Cook county, alleging, in effect, that on or about March 1, A. D. 1889, he and appellee entered into an agreement by which they were to secure a ground lease of property in Chicago, "and to secure a loan for the purpose of building upon and improving the same, and to purchase said ground lease," which, it was averred, was first estimated to cost $150,-000, but was subsequently estimated at $125,000; that under the terms of the agreement each was "to furnish his personal services in the negotiations of said business undertakings," and the title was to be taken in their joint names, they each to own one-half thereof; that they entered into negotiations with one Cooper, who owned a ninety-nine years

lease of certain described premises, which resulted in Cooper giving "an option on said ground lease for a specified time," upon payment to him of $3000, as bonus for assignment of the lease, and upon the purchasers assuming all of the covenants and undertakings of Cooper, as lessee; that during such negotiations, and after procuring the option to purchase the leasehold interest of Cooper, they were also negotiating "for a loan of money sufficient to erect a building upon said premises, and employed an architect and prepared plans for such buildings and improvements." It is then alleged that owing to the sickness of appellant he entrusted appellee to complete the purchase from Cooper, on their joint account; that in violation of the trust thus reposed, and of the terms of their agreement, appellee, in fraud of appellant's rights, took an assignment of the lease from Cooper to himself, and not in the joint names of himself and appellee as tenants in common, as he should by the terms of their agreement have done; that appellee is negotiating for a loan upon the leasehold estate thus acquired, as his individual property and in his own name and behalf, and is threatening to make contracts for construction of buildings in his own name, in violation, etc., of appellant's rights; that appellant is the owner in equity of one-half interest therein, and prays that appellee may be declared to hold the same in trust for appellant, and be required to convey, etc.

A demurrer to the bill was interposed and sustained. It appears that notice was served upon appellant's attorney that at a particular hour of Monday, February 3, 1890, or as soon thereafter as counsel could be heard, counsel for appellee would call up and insist upon said demurrer being sustained. For some reason the demurrer was not disposed of until the '10th day of the same month, when the court entered an order sustaining it and allowing amendment of the bill within five days thereafter. It satisfactorily appears that neither appellant nor his counsel knew of the entry of said order until the

18th of April following, when a notice was served upon them that appellee's counsel would, on April 22, move to dismiss the bill. A cross-motion, sustained by affidavits, showing cause why the amendment had not been made under the leave granted, was entered by appellant, to set aside the order of February 10, 1890, and for leave to file an amendment to the bill, and for a rule to answer. These several motions were taken under advisement by the court, and on June 23, following, an order was entered overruling the cross-motion and dismissing the bill. On appeal to the Appellate Court the decree of the Superior Court was affirmed.

Messrs. MILLER, STARR & LEMAN, for the appellant:

Appellant has shown sufficient excuse for his failure to comply with the leave to amend.

The rule of chancery in this State is, that when the original bill was not required to be sworn to, although it was in fact sworn to, an amendment may be allowed without requiring it to be sworn to. *Downey* v. *O'Donnell,* 92 Ill. 559; *Gordon* v. *Reynolds,* 114 id. 118.

As the bill was dismissed for its failure to offer to do equity, an amendment supplying such omission could not be inconsistent with the original bill. The bill, on its face, showed a right to relief, so far as the facts are concerned. It was error to dismiss it on that ground. *Barnard* v. *Cushman,* 35 Ill. 451.

The Superior Court had jurisdiction, upon complainant's motion at the April term, to vacate the order of February 10, or to grant leave to amend the bill, and that court erred in holding it had not. The order sustaining the demurrer was merely interlocutory. *Fleece* v. *Russell,* 13 Ill. 31; *Knapp* v. *Marshall,* 26 id. 63; *Hayes* v. *Caldwell,* 5 Gilm. 34; *March* v. *Mayers,* 85 id. 177; *Gage* v. *Rohrbach,* 56 id. 262; *Fort Dearborn Lodge* v. *Klein,* 115 id. 177.

The demurrer to the bill was not well taken, and the order sustaining the same was erroneous.

132     CAMPBELL *v.* POWERS.

Brief for the Appellee.    Opinion of the Court.

An offer to do equity by contributing to the purchase money was not necessary. *Barnard* v. *Cushman*, 35 Ill. 451; *Clark* v. *Tipping*, 4 Beav. 588; *Columbian Government* v. *Rothschild*, 1 Sim. 94; *Wells* v. *Strange*, 5 Ga. 22.

On bill to declare and enforce a trust there is no necessity to allege and prove a tender. *Powell* v. *Powell*, 114 Ill. 329; *Schermerhorn* v. *Tallman*, 14 N. Y. 93; *Langton* v. *Waite*, L. R. 4 Ch. 402.

The trust sought to be established is not an express trust or trust by agreement at all, but is one which a court of equity raises *ex malificio*, or from the fraud of defendant. *Rose* v. *Hayden*, 35 Kan. 106; *Wood* v. *Rabe*, 96 N. Y. 414; *Chastain* v. *Smith*, 30 Ga. 96; *Lees* v. *Nuttall*, 1 R. & M. 53; 2 M. & K. 819; *Heard* v. *Pilley*, L. R. 4 Ch. App. 548; *Carter* v. *Palmer*, 11 Bligh, 397; *Vallette* v. *Tedens*, 122 Ill. 610; *Insurance Co.* v. *White*, 106 id. 67.

Mr. MILLARD R. POWERS, for the appellee:

The entry of a judgment or decree is such an order as may be vacated or modified during the term in which it was entered, but when that term has expired the power of the court over the case is exhausted. *Railroad Co.* v. *Holbrook*, 72 Ill. 422; *Griffin* v. *Ketchum*, 18 id. 392; *Cook* v. *Wood*, 24 id. 297.

It was not error to dismiss the bill after the demurrer had been sustained. *Puterbaugh* v. *Elliott*, 22 Ill. 157.

Not having presented his proposed amendment, appellant was not in a position to obtain a hearing. *Jones* v. *Kennicott*, 83 Ill. 484.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The first point made by counsel is, that the demurrer was improperly sustained. Every bill must contain sufficient matters of fact, *per se*, to maintain the case, so that the same may be put in issue by the answer and established by proofs. (*Harrison et al.* v. *Nixon*, 9 Pet. 502; *Boone* v. *Chiles*, 10 id.

177.) Appellant, by his bill, asks that appellee be required to unconditionally convey to him a half interest in the leasehold alleged to have been purchased of Cooper. Every claim to equitable relief necessarily rests upon an existing right, not only in respect of the matter demanded to be done, but also to immediately demand it of the defendant. If, for any reason founded on the substance of the case, as stated in the bill, admitting it to be true, the complainant is not entitled to the relief sought, the defendant may properly demur. Story's Eq. Pl. sec. 526.

A very brief analysis of the bill, keeping in view that the intendments are against the pleader, will show that the bill wholly fails to state a case entitling him to the relief prayed, or to any other relief. By reference to the resume of the bill heretofore given, it will be seen that only a single date is given to any of these transactions, that being March 1, 1889, when it is alleged the original contract between these parties was made. It is alleged they procured an option from Cooper to purchase his lease; but when it was procured, for how long a time the option continued, or when it expired, are left wholly to conjecture. It is alleged, also, that appellee purchased of Cooper in his own name; but as to when,—whether during the lifetime of the option or after its termination, when all rights thereunder had ceased,—there is no information afforded by any allegation of the bill. Eleven months had elapsed, substantially, between the making of the alleged contract by the appellant with appellee, and the filing of this bill, and for aught that is stated in the bill, all right under the option given by Cooper had ceased many months before the purchase by appellee. Again, it would seem from the allegations of the bill that the original agreement between these parties contemplated a loan, secured by mortgage of the estate, to pay the purchase price of the leasehold estate, as well as to erect buildings thereon. The allegations of the bill show that the parties were negotiating "for a loan of money sufficient to

erect a building," simply. How the large sum of money required to pay for the leasehold estate was to be raised, or how it was in fact raised, if at all, is not shown. Moreover, if it be conceded that the lease was to be paid for out of a loan raised on the leasehold property, and that it was the duty of the appellee·under the alleged trust to make the same for the joint benefit of himself and appellant, during the continuance of the option, there is not the slightest intimation that he did, or could by the exercise of due diligence and skill make, such a loan, and thereby perform the alleged trust.

Nothing was paid Cooper for the alleged option, nor was there an assumption by the parties of the liability of Cooper under the covenants of said lease. Appellant did nothing beyond employing an architect to prepare plans of a building, and neither by his bill, nor otherwise, offers to do anything. No tender is made in the bill, or otherwise, of any part of the purchase price of the leasehold estate, and there is no statement that he ever offered to contribute anything toward the· purchase. If appellee was compelled to advance the entire cost of the purchase from Cooper before appellant would be equitably entitled to the relief prayed for, he must reimburse appellee a *pro rata* share of the money expended, even though the purchase was under the option, and this, being a condition to his right to equitable relief, must be offered in his bill. On the other hand, if it be assumed, as may be done consistently with the material allegations of the bill, that the "specified time" for which the option had been given had elapsed and the joint enterprise been abandoned, and appellee purchased the lease in good faith for himself, there is nothing alleged that would charge him with a trust in favor of appellant, or render him a trustee *ex malificio* in respect of said estate. We are of opinion that the demurrer was properly sustained.

It is next insisted that the court erred in overruling appellant's motion for leave to amend. It may be conceded that

the showing was sufficient to excuse appellant for not having' made his amendment under the leave given, and for not applying for additional leave at an earlier date. The application was then addressed to the sound discretion of the chancellor, to be exercised for the furtherance of justice. It appears, however, from the certificate of the judge, that he denied the leave upon the ground that the order sustaining the demurrer and granting leave to amend was a final order, which the court at a subsequent term could not modify, and held, that complainant having failed to amend his bill according to said order, the court was without jurisdiction or power to then grant said leave. We concur with the Appellate Court that the chancellor was in error in so holding. The case was still pending in the Superior Court. (*Knapp* v. *Marshall*, 26 Ill. 63.) The order entered was interlocutory, and the court had power and jurisdiction to make such further order in the cause as justice might require. *Hayes* v. *Caldwell*, 5 Gilm. 33; *Gage* v. *Rohrbach*, 56 Ill. 262; *March* v. *Meyers*, 85 id. 177; *Fort Dearborn Lodge* v. *Klein*, 115 id. 177.

It is insisted, with great earnestness, that the Superior Court having placed its refusal to grant leave to amend upon erroneous grounds, and not having considered whether its discretion should be exercised to permit the amendment, the decree must be reversed and the cause remanded, to the end that the chancellor may exercise such discretion in passing upon the granting of leave to amend, and that therefore the Appellate Court erred in exercising a discretion committed to the chancellor alone, and in refusing to reverse and remand. This is manifestly erroneous. The entire showing made to the chancellor is in the record, and if, for any reason, the discretion should not have been exercised or the leave should have been denied, the action of the Superior Court in refusing the leave was properly affirmed. It is of the judgment of the court appellant is permitted to complain, and not of the grounds or reasons upon which the court founded its decision. In chan-

cery, amendments are allowed, generally, with great liberality in furtherance of justice, and at any stage of the proceeding. However, in respect of sworn bills greater caution is exercised. 1 Daniell's Ch. Pr. 402, note 1.

It was said by this court in *Gregg* v. *Brower*, 67 Ill. 529, that when the object of the amendment is to let in new facts, there is greater reluctance to allow the amendment when it depends upon extrinsic proof than when it rests upon documentary evidence, and if the fact was known to the complainant at the time of filing his bill, such amendment will not be allowed unless some excuse is given for the omission,—citing *Calloway* v. *Dobson*, 1 Brock. 119; *Whitemarsh* v. *Campbell*, 2 Paige, 67; *Punate* v. *Hubbell*, 1 Hill. Ch. 217; *Coal Co.* v. *Dyatt*, 2 Edw. Ch. 1150. In the subsequent case of *Jones* v. *Kennicott*, 83 Ill. 484, which was a bill for *ne exeat*, and required to be verified by the oath of the party, this court, in passing upon the right of complainant to amend his bill after demurrer sustained, said: "The party asking leave to amend should present and submit in writing the amendment proposed to be made, supported by an affidavit of its truth, and some explanation of the reason why the matter proposed to be added was not originally inserted."

The bill in this case prayed for the issuance of a writ of injunction restraining appellee from mortgaging, encumbering or otherwise disposing of the leasehold estate mentioned, and was properly verified by the affidavit of complainant. It was sworn to, that it might be used in procuring an injunction, as well as evidence upon subsequent motion to dissolve the same. It would have been entirely competent for complainant, at any time, to have moved for a preliminary injunction. That he did not do so does not affect the nature or character of his bill.

The motion for leave to amend was not accompanied by any amendment. No suggestion, in writing or otherwise, was made of the nature or character of the amendment proposed, or affidavit showing that any additional material matter existed or

could be alleged, or accounting for its omission. Under the rule relating to amendments of sworn bills, the motion was properly denied. But if it be conceded, as contended, that the bill is to be treated as an unsworn bill, the appellant is in no better position. The rule undoubtedly is, that if the bill is not required by law to be sworn to, and the fact of it being a sworn bill performs no office or effects no change from what it would be as an unsworn bill, the verification of it by oath of the party will be disregarded, (*Gordon* v. *Reynolds,* 114 Ill. 132, *Downey* v. *O'Donnell et al.* 92 id. 561,) and amendments allowed, as if it was not sworn to. The usual practice, upon sustaining a demurrer to a bill of this character, is to allow amendments as a matter of course, upon such terms as the court may deem proper, (Rev. Stat. chap. 22, sec. 37,) and within such reasonable time as may be fixed by the court, as was done in this case. Here, the appellant failed to make his amendment within the time prescribed, and the dismissal of the bill would follow as a matter of course. The application was for the affirmative exercise of the discretion of the chancellor in appellant's behalf. He sufficiently accounted, as he must, for his want of diligence, and so far met the demands upon him. But more was required. The discretion could be exercised only in furtherance of justice. Its exercise was warranted only when necessary, or apparently necessary, to prevent the consummation of wrong and promote and further justice. Parties litigant have a right to insist that litigation shall not be unnecessarily prolonged, and unless there was some meritorious reason for further delay, the defendant might rightfully demand the dismissal of the bill, and thus end vexatious litigation.

As before indicated, appellant wholly failed to show, not only what amendment he desired to make, but that any amendment could in fact be made to the bill which would obviate the objections to it in matter of substance. It would seem too plain for argument, that before a chancellor could

say an amendment should be allowed as in furtherance of justice, he must be apprised of the nature of the amendment to be made. For aught that appeared, the amendments proposed may have been of the most frivolous character, calculated to harass and annoy the defendant by prolonging the litigation and increasing the expense. In such a case no one would contend that the amendment should be allowed. There is no hardship in requiring a party who is in default, and invoking the discretion of the court, to present with his application for leave the amendments proposed to be made, or otherwise apprising the court of what they are, so that the court may intelligently determine the propriety of allowing or disallowing them. There was nothing here shown upon which the court could properly exercise a discretion to allow amendments to the bill, and the order of the court was therefore proper. Upon the disallowance of the motion for leave to amend, the order of dismissal properly followed, and its affirmance by the Appellate Court was right.

Other errors are assigned, but all of the points made requiring consideration are met by the foregoing.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*