**Orletha T. Healy, Defendant in Error, v. Charles F. Healy, Plaintiff in Error.**

### Gen. No. 14,920.

DECREE—*when sustained notwithstanding hearing prior to return of summons.* If the hearing of a cause in chancery has been had prior to the return term of the summons, the decree will be sustained if there is nothing in the record to show that the defendant made an objection to the hearing of the cause at the time it was heard.

Divorce. Error to the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed February 10, 1910.

DANIEL W. SCANLAN and WILLIAM E. CLOYES, for plaintiff in error.

PECKHAM, PACKARD, APMADOC & WALSH, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This is a writ of error sued out by the defendant to reverse a decree granting the complainant a divorce from the defendant. The bill, answer and replication were filed at the same time, 4:57 P. M., June 23, 1908, a day of the June term. The bill prayed for a summons for the defendant returnable to the July term, but no summons was issued.

The sole ground of reversal urged is that the court had no jurisdiction at the June term to hear the cause without the consent of the defendant, and the record does not affirmatively show such consent. The record contains only the pleadings and decree, and there is nothing to show that defendant made an objection to the hearing of the cause at the time it was heard. The statute provides that: "After replication is filed the cause shall be deemed at issue and stand for hearing." In contemplation of law, defendant was in court and

bound to take notice of all the steps in the cause. He is presumed to have had notice of the hearing of the cause, and the record does not show that he made any objection to the hearing of the cause at the time it was heard. "By his silence his acquiescence was properly inferred, and he must be held to the consequences." Gregg v. Brower, 67 Ill. 525-531.

The decree of the Superior Court is affirmed.

*Affirmed.*