Vespasian Warner, Executor, Appellant, v. Minnie W. Mettler et al., Appellee.

1. CHANCERY—*commencement of suit.* A chancery suit is not commenced within the provisions of R. S. c. 22, §§ 4, 8, 9, relating to the commencement of such a suit, where an executor's report is marked "In Chancery" and placed upon the files without petition

or bill in chancery, without prayer for relief or summons and without complainants or defendants.

2. CHANCERY—*limits of relief.* Relief under a bill in chancery must be confined within the limits of the prayer of the bill.

3. CHANCERY — *sufficiency of facts.* Sufficient facts must be stated in a bill in chancery that issue may be made by the proper pleading.

4. CHANCERY—*when proceeding not within practice act.* Where an executor's report is marked "In Chancery" and placed upon the files without petition or bill in chancery, without prayer for relief or summons and without complainants or defendants, the proceeding does not come within the Chancery Practice Act, providing that under certain circumstances chancery courts are open to deal with wills, estates, trusts and proceedings of that character.

5. CHANCERY—*jurisdiction.* The trial court does not acquire jurisdiction of the subject-matter of proceedings where an executor's report is marked "In Chancery" and placed upon the files without petition or bill in chancery, without prayer for relief or summons and without complainants or defendants.

Appeal from the Circuit Court of DeWitt county; the HON. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912. Rehearing denied and opinion modified December 20, 1912.

JOHN FULLER, for appellant.

UNDERWOOD & SMYSER, HERRICK & HERRICK, FRED BALL and INGHAM & INGHAM, for appellee; ARTHUR W. UNDERWOOD, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a report, according to the title of the case, "of Vespasian Warner, executor, of the last will and testament of John Warner, deceased, and testamentary trustee of the estate of said John Warner, deceased," filed to the November term, 1911, of the DeWitt County Circuit Court, and designated "In Chancery,—Report of said testamentary trustee."

This instrument first recites the death of John Warner; the appointment of appellant, by the will of the deceased, as executor and testamentary trustee, and

sets out at length each clause of the said will, and further recites the fact that said will was admitted to probate and that appellant was, by the county court, appointed executor thereof without bond on the 29th day of January, 1906; that he then assumed the duties, and filed in the said county court an inventory of all of the property in which the estate had any interest; that on the 6th day of April, 1906, the widow of the said John Warner, deceased, filed a bill in the Circuit Court of said DeWitt County, praying that the antenuptial agreement mentioned in the said will be set aside and she be decreed to have dower and homestead in the lands of the deceased, as his widow, and also recited at length the disposition of the said proceeding.

The document further alleges that the said circuit court, on two different occasions, entered rules on appellant, as such executor, to file reports, in the case of the said widow against appellant, and recited at length the reports so filed, and also states that on the 4th day of October, 1907, Minnie W. Mettler and Arabella W. Bell filed in the said circuit court a bill praying for a partition of the lands of the said deceased, and that proceeding is set forth at length, and also quotes, at length, a report as ordered made in said partition proceeding.

The instrument then sets forth what purports to be an itemized statement of receipts and disbursements received and made by him from March 1, 1910, to November 30, 1911, and concludes with a prayer that he may be directed, as such executor and testamentary trustee, to pay to Messrs. Fuller & Crea as attorneys for the estate, the sum of $15,000 or such part of said sum as may be allowed by the court, for their services, which may be paid out of any money then held by him, or that may thereafter be received by him in such capacity.

It further appears that the following notice was

served: "To Mrs. Minnie W. Mettler and Mrs. Arabella W. Bell:

"You and each of you are hereby notified that on the 11th day of December, A. D. 1911, I, as Testamentary Trustee of the Estate of John Warner, deceased, filed in the circuit court of DeWitt county,. Illinois, a report as such Trustee, to December 1, 1911, and shall ask the court to approve the same.

"VESPASIAN WARNER,

"Testamentary Trustee of the Estate of John Warner, deceased."

Objections to the jurisdiction of the court were filed by the appellees, setting forth the following: "That this court is without power either to approve or disapprove said report for the reason that it is without jurisdiction to enter any order or decree of any kind whatever in the matter of said report; that said report is not filed in any suit or proceeding pending in this court; that said Vespasian Warner as trustee of the estate of John Warner deceased, is not acting as such trustee by virtue of any appointment of this court or any other court, but claims to be acting solely as testamentary trustee by virtue of the provisions of the will of said John Warner, deceased."

Other objections were also filed at the same time, objecting to the allowance of some of the items in the report.

Upon the motion of the appellees the objections were, by the court, sustained, and the report ordered stricken from the files. To the sustaining of which motion, and said order of the court directing the instrument stricken from the files, the appellant excepted, prayed for and was granted an appeal, and has thus brought the record before us.

The report is not, in form or substance, a bill in chancery. It will be observed that there is no complainant, orator or petitioner; that no, not one, person is named as a party defendant; that no recitations or averments or complaints or statements, upon which

issue could be joined, are set forth in the entire paper, unless the pleader anticipated that the correctness of his sworn report could be questioned; that there is no prayer for relief or prayer for summons. No relief was sought and no summons was ever issued. It will be further noticed that the causes recited were as to other suits and proceedings had between the executor and the widow and heirs over different subject-matter, and had no proper place in this report. The paper filed herein is a very voluminous executor's report of the moneys received and expended by the appellant, between the dates named above, simply that and nothing more.

The question arising here is, can a report in a decedent's estate be marked "In Chancery" and be placed upon the files, without petition or bill in chancery, or without prayer for relief or summons, or without complainants or defendants, and come within the provisions of our Chancery Act, which defines the commencement of a chancery suit in the following language (Sec. 4, chap. 22, R. S.): "The mode of commencing suits in chancery shall be by filing a bill of complaint with the clerk of the proper court, setting forth the nature of the complaint."

Section 8, of the same chapter, provides: "Upon the filing of every bill, the clerk of the court shall issue a summons, tested, dated and sealed, as a summons in common law suits." Section 9 of the same chapter provides that every summons shall be made returnable to the next term of the court.

The pleader in the case at bar seems to have ignored all of the provisions of the statute in his effort to present to the court what he terms a report of the testamentary trustee under the name of chancery.

An inspection of the record does not disclose that the appellant was ever appointed a testamentary trustee by the circuit court from which he brought this appeal. He was, however, appointed executor of the will by the Probate Court of DeWitt County, where

all of the proceedings relating to that estate are, we presume, to be found.

To better determine the proper construction of the sections of the statute above quoted, we call attention to the case of Hodgen v. Guttery, 58 Ill. 431, where the supreme court says: "The statute has declared that a suit in chancery may be brought by filing a bill in the office of the clerk of the circuit court. The eighth section of the Chancery Act provides for the mode of publication, which is substituted for the service by summons. The fifth section authorizes the clerk, on the filing of the bill, to issue a summons for the defendant. The sixth section declares what the summons shall contain, and the seventh the manner of service. It will thus be seen that a summons cannot issue until the bill is filed. It is only upon its being filed with the clerk that the suit is commenced, or the summons can issue. Such is the statutory requirement. This act regulates and establishes the practice in such cases, and it alone confers power on the clerk to act, and he must conform to its provisions. Until the bill is filed no suit is pending, and until it is commenced the clerk can neither legally issue process nor make publication."

The relief which may be granted under a bill in chancery must always be confined within the limits of the prayer of the bill. This doctrine is recognized and enforced in the case of Ellis v. Sisson, 96 Ill. 106.

The first paragraph of section 10 of Puterbaugh's Chancery Practice, says: "The bill must also contain a prayer for relief. This must depend upon the facts of each case and the nature of the relief sought. * * * Unless there is a prayer, there can be no relief for the complainant."

Facts sufficient must be stated in a bill so that issue may be made by a proper pleading. This rule of chancery practice is supported by the opinion in the case of Campbell v. Powers, 139 Ill. 128.

Under the facts shown here, can it be said that the trial court had jurisdiction?

The statute provides in paragraph 220 of chapter 37, R. S., entitled "Courts," that probate courts shall have original jurisdiction in all matters of probate, the settlement of estates of deceased persons, the appointment of guardians and conservators, and settlements of their accounts.

The will of the deceased, John Warner, was probated in the Probate Court of DeWitt County, and appellant qualified as executor, filed an inventory of the assets of the estate and made partial reports of his actings and doings as such executor, in that court.

We have a provision of the statute whereby, under certain circumstances, the probate court may certify the estates of deceased persons, or the report of the administrator or executor, or guardian, to the circuit court but this case does not come within that category.

Under our Chancery Practice Act, our courts of chancery are open, under certain circumstances by a proper proceeding, to deal with wills, estates, trusts and proceedings of that character, but in all such cases, so far as we have been able to find, the suit must be commenced by a bill in chancery, setting forth sufficient facts, and naming persons who are called upon as defendants, and concluding with a prayer for relief and summons. But this proceeding does not fall within that class.

It is urged by appellant that the appellees, having filed objections special to the jurisdiction of the court, and others as to items shown in the report, and having been given notice of the filing of the report, they thereby conferred jurisdiction over their persons upon the court.

The rule is well established that a defendant who appears and pleads without limiting his appearance, gives the court jurisdiction over his person. That however is not the question here involved. The ques-

tion here is, can an executor, who is a testamentary trustee, after proceeding for years with the administration of the estate, of his own motion, whether moved by good or ill motives, by simply filing a report as such trustee on the chancery side of the circuit court, without assigning any reason, or bringing himself within any of the provisions of the statute, and without observing any of the statutory requirements of pleadings, confer jurisdiction upon the circuit court, and then compel it to pass on his acts and doings as such trustee? If such be the law, it would tend to work great confusion, sometimes great hardship, and leave the way open for great wrong to be perpetrated upon estates, when administered by dishonest officers.

We are unable to agree with the contention of appellant.

We do not think the circuit court acquired jurisdiction of the subject-matter.

The action of the trial court was correct, and it is hereby affirmed.

*Affirmed.*